IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, INC., <br><br>  Plaintiff, <br><br> v. <br><br> FACEBOOK INC., <br><br>  Defendant. | Case No. C 13-04202 SI <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL** |

On November 19, 2013, defendant Facebook Inc. filed a motion to stay this action pending inter partes review. Docket No. 128. By the present motion, plaintiff Evolutionary Intelligence, Inc. moves to file under seal two exhibits filed in support of its opposition to Facebook's motion to stay, and portions of its opposition and supporting declarations that refer to those two exhibits. Docket No. 133.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly

1  tailored," such that only sealable information is sought to be redacted from public access. Civil Local
2  Rule 79-5(b). Because defendant's motion to stay is a non-dispositive motion, the "good cause"
3  standard applies. *See SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (stating that
4  a motion to stay a civil proceeding where the effect is not the denial of relief is a non-dispositive
5  motion).

   The first exhibit, Exhibit F to the Declaration of Marie McCrary, is a document containing
   information about defendant's former employees. Docket No. 133-14, McCrary Decl. Ex. F. Plaintiff
   argues that this document should be sealed because it was designated as highly confidential by
   defendant. However, good cause "cannot be established simply by showing that the document is subject
   to a protective order or by stating in general terms that the material is considered to be confidential, but
   rather must be supported by a sworn declaration demonstrating with particularity the need to file each
   document under seal." *Bain v. AstraZeneca LP*, 2011 U.S. Dist. LEXIS 15965, at *2 (N.D. Cal. Feb.
   7, 2011); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" to establish good
   case). Neither party has provided the Court with such a declaration. Therefore, plaintiff has failed to
   establish good cause for sealing the document.

   The second exhibit, Exhibit A to the Declaration of Michael DeAngelo, is a licensing agreement
   between plaintiff and a third party. Docket No. 133-26, DeAngelo Decl. Ex. A. Plaintiff's motion and
   supporting declaration broadly state that the licensing agreement contains commercially sensitive
   information related to plaintiff's ownership interest, business practices, and operations. Docket No. 133
   at 4. However, broad allegations stating that a licensing agreement contains sensitive business and
   financial information is insufficient to establish good cause. *Avago Techs. Fiber IP (Sing.) PTE, Ltd.
   v. Iptronics, Inc.*, 2013 U.S. Dist. LEXIS 8086, at *4 (N.D. Cal. Jan. 18, 2013); *see also Beckman Indus.
   v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("'Broad allegations of harm,
   unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'"). The
   party must make a particularized showing of the specific harm or prejudice will result if the information
   is disclosed. *Avago Techs.*, 2013 U.S. Dist. LEXIS 8086, at *4. Therefore, plaintiff has failed to
   establish good cause for sealing the licensing agreement. In addition, it does not appear that plaintiff's
   request to seal the licensing agreement is narrowly tailored. Even assuming that the settlement

2

agreement contains some sealable business information, that would only be good cause to seal certain portions of the licensing agreement, not the entire document.

Accordingly, for good cause shown, the Court DENIES Evolutionary Intelligence's motion to seal. Docket No. 133. This denial is without prejudice to plaintiff refiling its motion to seal, no later than **December 18, 2013**, in a format which is narrowly tailored and demonstrates "good cause" for sealing the documents.

**IT IS SO ORDERED.**

Dated: December 10, 2013

SUSAN ILLSTON
United States District Judge