1    [See signature block for list of counsel for the Parties.]

2

3

4                    UNITED STATES DISTRICT COURT

5             FOR THE NORTHERN DISTRICT OF CALIFORNIA

                        SAN JOSE DIVISION
6

7    EVOLUTIONARY INTELLIGENCE, LLC,        Case No. 13-cv-04513- RMW

8                         Plaintiff,        **[proposed] JOINT CASE
                                            MANAGEMENT CONFERENCE
9              v.                           STATEMENT**

10   SPRINT NEXTEL CORPORATION, *et al.*,   Date:    June 5, 2015
                                            Time:    10:30 AM
11                        Defendants.       Judge:   Honorable Ronald M. Whyte
                                            Room:    Courtroom 6, 4th Floor
12

13   EVOLUTIONARY INTELLIGENCE, LLC,        Case No. 13-cv-04201- RMW

14                        Plaintiff,

15             v.                           Consolidated with 13-cv-04513- RMW

16   APPLE INC.,

17                        Defendant.

18
     EVOLUTIONARY INTELLIGENCE, LLC,        Case No. 13-cv-04202- RMW
19
                          Plaintiff,
20
               v.                           Consolidated with 13-cv-04513- RMW
21
     FACEBOOK, INC.,
22
                          Defendant.
23

24   EVOLUTIONARY INTELLIGENCE, LLC,        Case No. 13-cv-04203- RMW

25                        Plaintiff,

26             v.                           Consolidated with 13-cv-04513- RMW

27   FOURSQUARE LABS, INC.,

28                        Defendant.

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 13-cv-04204- RMW |
| Plaintiff, | |
| v. | Consolidated with 13-cv-04513- RMW |
| GROUPON, INC., | |
| Defendant. | |

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 13-cv-04205- RMW |
| Plaintiff, | |
| v. | Consolidated with 13-cv-04513- RMW |
| LIVINGSOCIAL, INC., | |
| Defendant. | |

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 13-cv-04206- RMW |
| Plaintiff, | |
| v. | Consolidated with 13-cv-04513- RMW |
| MILLENNIAL MEDIA, INC., | |
| Defendant. | |

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 13-cv-04207- RMW |
| Plaintiff, | |
| v. | Consolidated with 13-cv-04513- RMW |
| TWITTER, INC., | |
| Defendant. | |

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 13-cv-03587- RMW |
| Plaintiff, | |
| v. | Consolidated with 13-cv-04513- RMW |
| YELP, INC., | |
| Defendant. | |

Plaintiff Evolutionary Intelligence, LLC and Defendant Sprint Nextel Corporation,[1] Sprint Communications Company L.P., Sprint Spectrum, L.P., and Sprint Solutions, Inc. ("Sprint"); Defendant Apple Inc.; Defendant Facebook, Inc.; Defendant Foursquare Labs, Inc.; Defendant Groupon, Inc.; Defendant LivingSocial, Inc.; Defendant Millennial Media, Inc.; Defendant Twitter, Inc.; Defendant Yelp Inc. ("Defendants") hereby submit their joint Case Management Conference Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

## I.   JURISDICTION AND SERVICE

The basis for the Court's subject matter jurisdiction over Plaintiff's claims is 28 U.S.C. §§1331, and 1338(a). With the exception of Sprint Nextel Corporation, no issues exist regarding personal jurisdiction or venue.[2] There are no other parties to be served in these cases.

## II.   FACTS

This case involves the assertion of U.S. Patent Nos. 7,010,536 and 7,702,682 both entitled "System and Method for Creating and Manipulating Information Containers with Dynamic Registers."  The '682 patent is a continuation of the '536 patent.  Thus, both patents share the same specification, claim priority to the same provisional application (No. 60/073,209 filed January 30, 1998), and identify the same sole inventor.  At the time of filing the original complaints, Evolutionary Intelligence purported to own all right, title, and interest in the '536 and '682 patents ("Asserted Patents").

---

[1] Sprint Nextel Corporation is now known as Sprint Communications, Inc.

[2] Sprint contends that the Court lacks personal jurisdiction over Sprint Communications, Inc., formerly Sprint Nextel Corporation, as it is a holding company and is not registered to do business in California.  In light of the lack of personal jurisdiction over Sprint Communications, Inc., formerly Sprint Nextel Corporation, Sprint contends that venue is improper pursuant to 28 U.S.C. §§ 1400(b) and 1391.  *See* Dkt. No. 16 at 5 (asserting affirmative defenses of lack of personal jurisdiction and improper venue). Plaintiff disputes Sprint's assertion that the Court lacks personal jurisdiction and that venue is improper.

***Plaintiff's Statement:***

2        The asserted patents generally describe and claim a computer-implemented method and

3   system for creating and manipulating information containers. Plaintiff alleges that the defendants

4   have infringed and continue to infringe the Asserted Patents.

5        In October 2013, Apple, Facebook, Twitter, and Yelp filed eight petitions for *Inter Partes*

6   Review in the USPTO. Each of the defendants moved to stay these cases pending the outcome of

7   the IPR proceedings. In doing so, the defendants argued that it was highly unlikely that the patents

8   would survive the IPRs. In fact, defendant Foursquare argued that "the odds of dying in an

9   asteroid strike" were about three times greater than the odds of Evolutionary avoiding the IPRs.

10  (Dkt. No. 89 at 11 n.5.) The Court granted the defendants' motions to stay.

11       In April 25 and 28, 2014, the USPTO denied seven of the eight petitions for IPR. In

12  particular, the USPTO rejected all petitions brought by Facebook, Twitter, and Yelp, and four of

13  the five petitions brought by Apple. The USPTO decided to move forward on only one of the

14  petitions, which concerned only the '536 patent. The USPTO subsequently allowed Twitter and

15  Yelp to join in the remaining petition.

16       Evolutionary sought to have the stay lifted, but the Court issued an order on October 17, 2014

17  confirming that the cases would remain stayed "until final written decision in the pending IPR, the

18  date by which a final decision is now due, or further order of the court, whichever occurs first."

19  (Dkt. No. 184 at 4.)

20       On April 15, 2015, following a hearing, the Patent Trial and Appeal Board issued its final

21  written decision, rejecting ***all*** of Apple's, Twitter's, and Yelp's arguments regarding the '536

22  patent. Accordingly, all nine of the IPRs brought by the Defendants against the patents have been

23  rejected on all grounds. ***All*** claims of Evolutionary's patents remain valid, and none of the claims

24  were amended.

25       Pursuant to the Court's October 7 Order, the stays have been automatically lifted and

26  discovery has resumed.

27

28

*Defendants' Statement:*

Plaintiff, a non-practicing entity, filed suit against nine defendants (or defendant groups) in the Eastern District of Texas. Each Defendant filed a motion to transfer the action to this district. After Plaintiff requested multiple extensions to respond to those motions, the Eastern District of Texas court granted all of the transfer motions in or before September 2013. The cases were assigned to various judges in the Northern District of California.

On July 28, 2014, this Court related the various cases and assigned them to a single judge. Dkt. No. 159. At the time they were related, each of these actions had been stayed by their respective judges in light of the then pendency of a number of Petitions seeking *inter partes* review. On September 26, 2014, this Court continued those stays "until final written decision in the IPR, the date by which a final decision is now due, or further order of the court, whichever occurs first." Dkt. No. 174. On April 16, 2015, the PTAB issued its final written decision in the pending IPR proceedings, holding that the petitioners had not proven by a preponderance of the evidence that claims 2-12, 14, and 16 of the '536 patent were invalid over the cited prior art based upon the arguments considered. On April 23, 2015, the parties notified the Court of the final written decision (Dkt. No. 185), leading the Court to schedule a case management conference for June 5, 2015.

III. **LEGAL ISSUES**

1. Whether Plaintiff has standing to pursue its alleged claims.

2. Whether any Accused Instrumentality of each Defendant infringes one or more valid, enforceable claims of the Asserted Patents.

3. Whether any of the Asserted Claims of each Asserted Patent is valid under 35 U.S.C. §§ 101, 102, 103, and 112.

4. Whether any of the Asserted Claims of both the Asserted Patents is enforceable.

5. Whether Plaintiff's action or the recoveries sought are barred by reason of laches or other legal or equitable defenses.

6. Whether Plaintiff is entitled to monetary damage from each Defendant and, if so entitled, the measure of such damages (e.g. reasonable royalty rate).

7. Whether a permanent injunction should be entered enjoining each Defendant from continuing the infringement proven under the Asserted Claims of the Asserted Patents.

8. Whether each Defendant is entitled to recover its attorneys' fees from Plaintiff.

# IV. MOTIONS

### Plaintiff's Statement

Evolutionary anticipates filing a motion for summary judgment of infringement.

### Defendants' Statement

Defendant Groupon has a motion to dismiss pending (Groupon Dkt. No. 15). Defendant Twitter has a motion to dismiss pending (Twitter Dkt. Nos. 10, 23 & 25), but has agreed to withdraw that motion. (Twitter Dkt. No. 101.)

All nine Defendants plan to jointly file a motion to dismiss or for judgment on the pleadings based on the invalidity of the Asserted Patents under 35 U.S.C. §101 and the Supreme Court's recent decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014). The Defendants have discussed the motion with Plaintiff's counsel and anticipate filing this motion early in the week of June 1, 2015, seeking time on the Court's calendar for oral arguments on the motion for August 21, 2015.

Defendants anticipate filing motions for summary judgment of non-infringement and invalidity.

# V. AMENDMENT OF PLEADINGS

Due to the pendency of their respective motions to dismiss, Twitter and Groupon have not yet answered the complaint and have therefore not filed their anticipated affirmative defenses or counterclaims. Nevertheless, Twitter and Groupon shall seek attorneys' fees, among other relief. None of the other parties presently intends to amend its pleadings or add parties.

# VI. EVIDENCE PRESERVATION

All parties have procedures in place for the preservation of evidence. In particular, Plaintiff has preserved its documents, including e-mails and other electronically-recorded material. Defendants have each taken reasonable steps to preserve their discoverable information.

The parties have reviewed the ESI Guidelines of the Northern District of California.

In the Texas Action, the Parties jointly submitted a Proposed ESI Order. (*See* Dkt. No. 84.) The Parties propose that they abide by the ESI provisions of this District, but that they maintain the following uniquely negotiated aspects of the prior order:

- Absent a showing of good cause, general ESI production in connection with Federal Rules of Civil Procedure 34 and 45, or compliance with mandatory disclosure requirements of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

- Each electronic document shall be produced in PDF format or single-page Tagged Image File Format ("TIFF") format or its native format at the option of the producing party. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

- No party has an obligation to make its production text searchable; however, if a party's documents already exist in text searchable format independent of this litigation, or are converted to text searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text searchable format at no cost to the receiving party.

- Each document image shall contain a footer with a sequentially ascending production number.

- A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

- Absent a showing of good cause, voicemails, instant messaging, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

- Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

- The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

   ***Plaintiff's Statement:***

   The parties have one dispute with respect to Evidence Preservation. The Defendants believe that, if they have moved responsive documents to backup disk, they should not be required to restore those backups to search for documents, ***even if the Defendants moved those documents to backup after the lawsuits were filed.***

   Defendants' proposal is a transparent attempt to avoid their discovery obligations. When these lawsuits were filed on October 17, 2012, the Defendants were obligated to preserve relevant documents in the event they would need to be produced in this litigation. Since that time, most of the Defendants have produced few, if any, technical documents—mostly because these cases have been stayed for nearly two years. In fact, when they argued that the Court should stay these cases, the Defendants argued that the stay would not result in evidence being lost. Now, the Defendants seek to completely remove those responsive documents—the very documents they were supposed to maintain—from the scope of discovery.

   The Defendants' proposal is particularly troubling because the Defendants have not identified what documents, exactly, would be affected by their proposal. Nor have the Defendants described what their backup procedures are. Further, the Defendants have not described what they have done to maintain documents that existed at the time these lawsuits were filed or that were generated during the pendency of these lawsuits.

   Plaintiff offered the following compromise language, which Defendants rejected:

   > Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case, ***unless that media contains data that was backed up after October 17, 2012, in which case the media shall be restored and searched for responsive documents.***

Plaintiff requests that the Court adopt this compromise provision, which both (i) ensures that the Defendants are not unduly burdened by having to restore pre-lawsuit data absent a showing of good cause; and (ii) ensures that Plaintiff will have access to documents that are critical to its case.

Defendants' argument hinges entirely on a provision that the parties agreed to in the Texas Action years ago. But that provision was designed to ensure that Defendants would not have to restore backups that they had *already* made at that time. The provision does *not* say that Defendants can avoid discovery of documents by simply archiving them *after* the litigation commenced. Plaintiff never would have agreed to such a provision, which would be highly prejudicial to Plaintiff's ability to obtain discovery.

Defendants also fail to acknowledge that, at the time the provision was written, discovery was opening and the Defendants would be required to begin their document production immediately. In fact, because the Eastern District of Texas Local Rules do not provide for document requests, the Defendants would have been required to produce all documents relevant to the litigation *sua sponte*, without waiting for document requests. Accordingly, when the provision was written, there was no concern that the Defendants would be able to cherry-pick what documents could be subject to discovery by archiving whatever documents they wanted at any time.

Those circumstances have now changed. After being transferred to this District, the cases were stayed for years, while the Defendants continued to generate new documents regarding the structure and operation of the accused products, and to modify documents that they had already created. There is simply no reason why Plaintiff should not be able to access those documents, regardless of whether or not they were archived during the stay.

Finally, Defendants are unable to explain below why Plaintiff's proposed language does not adequately address their concerns.

### Defendants' Statement:

Plaintiff grossly mischaracterizes what the Defendants are arguing and what they "believe." The parties previously agreed that back up data need not be restored and searched in the absence of a showing of good cause. That agreement was reflected in the ESI Order entered by the Texas court prior to the transfer of these actions to this court. (*See Texas* case Dkt. No. 84.)

That agreement was also reflected in discovery orders submitted in this Court shortly before these matters were stayed. *See, e.g., Joint Scheduling Order*, No. 3:13-cv-04204-SI, Dkt.102 (N.D. Cal. Jan. 21, 2014) at 7. In each instance, the parties had agreed to the following:

- Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

Plaintiff has twice agreed that Defendants need not undertake the time consuming and costly process of restoring all back up data, absent a showing of good cause. Plaintiff agreed to this procedure in 2013, before the case was transferred to this court. It again confirmed its agreement to these provisions in this Court in 2014 immediately prior to the entry of the stays in these actions. At no time prior to the date this proposed scheduling order is being filed did Plaintiff voice any disagreement with the procedures that the parties have been following for the past two years. At no point during the several hearings held in this Court concerning the entry and the maintenance of stays in these matters has Plaintiff suggested a departure from these procedures. Courts have repeatedly affirmed the principle that such backup data is not considered readily accessible for purposes of Rule 26.

Plaintiff now repudiates those repeated, earlier agreements upon which all Defendants have relied. Plaintiff cannot show good cause for the indiscriminant restoration and search of back up data by all nine accused corporations. Instead, Plaintiff demands that this Court relieve it of its agreed upon obligation to present such justification.

Defendants object that Plaintiff is seeking so momentous a change in the understanding of the parties by means of an eleventh hour alteration of these relied-upon, agreed ESI provisions. If such a change is to be made, Defendants suggest that Plaintiff present their arguments for that change properly by way of independent motion—if Plaintiff has any basis for bringing such a motion against any individual Defendant—and permit the implicated Defendant to properly respond.

## VII. DISCLOSURES

The Defendants believe that the parties should update their respective initial disclosures under Rule 26(a) in accordance with the Schedule proposed in Section XII below.

Plaintiff believes that its initial disclosures are still accurate and do not need to be supplemented, but reserves its right to do so in accordance with the Schedule proposed in Section XII below.

## VIII. DISCOVERY

### A. Discovery Taken to Date and the Scope of Anticipated Discovery

Pursuant to this Court's October 17, 2014 these cases were stayed "until final written decision in the pending IPR, the date by which a final decision is now due, or further order of the court, whichever occurs first." (Dkt. No. 184 at 4.) A final written decision has been entered in the pending IPR.

Although the parties submitted a Proposed Protective Order in the Texas Action, that submission included numerous points of significant disagreement between the Parties. The court transferred all of the cases to California before it ruled on the submission. Rather than resubmit a contested protective order, the Parties proposed that they meet and confer regarding a new Protective Order based on a model that conforms with this Court's local rules and has been adopted in numerous cases in this District. Defendants intend to provide Plaintiff with a draft of the protective order by June 12, 2015.

### *Plaintiff's Statement:*

Plaintiff served infringement contentions while these cases were pending in the Eastern District of Texas. Because the Northern District of California's local patent rules require additional disclosures with respect to infringement contentions, and because some of the Defendants have modified their infringing products and/or have introduced new infringing products while these cases were stayed, Plaintiff intends to supplement its contentions with respect to some of the parties in accordance with this District's rules, in accordance with the schedule proposed in Section XVII below.

Evolutionary served a set of twelve common interrogatories to each defendant on June 7, 2013. The defendants provided responses and objections. Evolutionary met and conferred with

some of the parties regarding what it believes are deficiencies in their interrogatory responses, but the cases were stayed before any party supplemented its responses.

After the stay was lifted, Evolutionary served most of the parties with requests for document production, and draft notices of 30(b)(6) depositions. Evolutionary also served subpoenas on various third parties who left their positions while the stay was in place. The relevant parties are in the process of meeting and conferring to select dates for these depositions.

Evolutionary also intends to meet and confer with the defendants regarding the review of the source code responsible for the operation of the accused products.

Most of the parties are participating in discovery. Defendant LivingSocial, however, has taken the position that the stay of discovery is still in place,[3] despite the fact that the Court's October 17, 2014 Order provides that the cases would remain stayed only "until final written decision in the pending IPR, the date by which a final decision is now due, or further order of the court, whichever occurs first." (Dkt. No. 184 at 4.) Accordingly, Evolutionary requests the Court to reaffirm that the stay has been lifted.

The parties jointly submitted a Proposed Protective Order in the Texas Action. (Dkt. No. 84.)

### B. Proposed Limitations or Modifications of the Discovery Rules

The parties agree that documents (other than production documents) will be served on opposing counsel by sending documents via email to counsel, except for non-confidential documents filed through the Court's ECF system, which are served automatically on registered counsel of record. When documents are too large for email or contain confidential information, they shall be served by other means. The effective date of service shall be calculated in accordance with the Federal Rules of Civil Procedures and this Court's Local Rules.

The parties agree that they shall not be required to log privileged communications dated on or after October 17, 2012 – the date Plaintiff filed its instant complaints against the Defendants.

---

[3] LivingSocial also indicated that it believed depositions were premature because the Parties had not yet held at Rule 26(f) conference and had yet to exchange documentary discovery. Notwithstanding its objections, LivingSocial has informed Plaintiff that it has drafted a response to over 100 document requests and worked to help a third-party subpoena recipient produce documents and respond to subpoenas already served by Evolutionary Intelligence.

To ensure that discovery is conducted efficiently, the parties set forth below competing proposals but will continue to work to resolve as many disputes as possible before the case management conference.

**Plaintiff's Statement:** The Plaintiff's proposals are generally taken from the SCHEDULING AND DISCOVERY ORDER entered by the Eastern District of Texas (Dkt. No. 49) in the consolidated Evolutionary Intelligence cases (Case No. 12-cv-00785-MHS-CMC) following that Court's consideration of the Plaintiff and Defendants' competing positions on discovery set forth in the PARTIES' JOINT DISCOVERY/CASE MANAGEMENT PLAN (Dkt. No. 42). The Plaintiff's positions with respect to each of the competing proposals are set forth in the chart below.

**Defendants' Statement:**

With two exceptions, the Defendants' proposals are taken directly from the SCHEDULING AND DISCOVERY ORDER entered by the Eastern District of Texas (Dkt. No. 49) in the consolidated Evolutionary Intelligence cases (Case No. 12-cv-00785-MHS-CMC) following that Court's consideration of the Plaintiff and Defendants' competing positions on discovery set forth in the PARTIES' JOINT DISCOVERY/CASE MANAGEMENT PLAN (Dkt. No. 42). As for the exceptions, Defendants propose limiting the total number of: (i) fact depositions to 10 depositions that Plaintiff can take within the 75 hour limit previously set by the Eastern District of Texas; and (ii) third-party depositions to 20 depositions that Plaintiff can take within the 100 hour limit previously set by the Eastern District of Texas.

| | **Plaintiff's Proposal** | **Defendants' Proposal (From Order Entered by Court in E.D. Tex. (based on competing positions taken by Plaintiff and Defendants))** |
|---|---|---|
| Interrogatories | **(AGREED)** Plaintiff may serve up to 15 common interrogatories on Defendants, and up to 15 additional interrogatories on each Defendant Group. Defendants may serve up to 15 common interrogatories on Plaintiff, and each Defendant Group may serve up to 15 additional interrogatories on Plaintiff. | |

| | | |
|---|---|---|
| | No interrogatory shall be deemed to have multiple subparts simply because it calls for a response involving more than one patent, patent claim, accused product, or prior art reference. | |
| Requests for Admission | Plaintiff may serve up to 200 requests for admission on each Defendant Group. Each Defendant Group may serve up to 200 requests for admission on Plaintiff. Each party is permitted an unlimited number of requests for admission for authentication of documents.

***Plaintiff's statement:*** Plaintiff intends to use Requests for Admission to ***reduce*** the burden of discovery on defendants, by ensuring that information can be obtained via admission rather than deposition. RFAs will be particularly useful in these cases, which involve specific classes, functions, and libraries of the Defendants' software applications. | Plaintiff and Defendants may serve up to 15 common requests for admission per side. Plaintiff may serve up to 20 additional requests on each Defendant Group, and each Defendant Group may serve up to 20 additional requests on Plaintiff. Each party is permitted an unlimited number of requests for admission for authentication of documents.

***Defendants' statement:*** 200 Requests for Admission is excessive. Moreover, Plaintiff agreed to the above limits on the number of requests for admission previously in Texas and similar limits in this Court (*i.e.* 25 RFAs). *See Texas* case, Dkt. No. 84 and *Joint Scheduling Order*, No. 3:13-cv-04204-SI, Dkt.102 (N.D. Cal. Jan. 21, 2014). Such requests will hardly reduce the burden of discovery on Defendants. If Plaintiff believes its requests to admit will have the purported effect, Defendants |

| | | |
|---|---|---|
| | | suggest that Plaintiff move for an amendment of the previously agreed limits, and present at that time the set of requests it proposes to serve on the Defendants. |
| Fact Depositions of Party Witnesses | Plaintiff may take up to 75 hours total per Defendant Group. Defendants collectively may take up to 28 hours of Plaintiff; each Defendant Group may take up to an additional 14 hours; except for inventor, no individual shall sit for more than one day.<br><br>***Plaintiff's statement***: There is no need for an hourly limitation ***and*** a number limitation on depositions. Plaintiff believes an hourly limitation alone—which Defendants agreed to in the Texas Action—is sufficient. Further, the "affiliated with" language suggested by Defendants is vague and ambiguous, and is likely to cause disputes that will need to be resolved by the Court. | Plaintiff may take up to 75 hours total per Defendant Group, **limited to no more than 10 deponents employed and/or affiliated with Defendant**; Defendants collectively may take up to 28 hours of Plaintiff; each Defendant Group may take up to an additional 14 hours; except for inventor, no individual shall sit for more than one day<br><br>***Defendants' statement***: Since the stay was lifted, Plaintiff has served numerous depositions notices of persons employed by, and those who have previously been affiliated with (*i.e.* former employees), various Defendants. To guard against abuses permitted by a mere limit on the number of hours of deposition of such persons—which, in the case of depositions of current and former employees requires extensive |

| | | |
|---|---|---|
| | | expenditure of attorney time in the preparation and defense of such witnesses—Defendants have suggest that the number of such depositions also be limited. The costs of preparing such witnesses does not vary dramatically whether the deposition ultimately lasts only an hour or all day. |
| 30(b)(6) Depositions | Plaintiff may take up to ten hours of 30(b)(6) deposition testimony of each Defendant Group designee, but no more than 21 hours total for each Defendant Group. Defendants, collectively may take up to ten hours of 30(b)(6) testimony of Plaintiff. In addition, each Defendant Group may take up to 90 minutes of 30(b)(6) testimony regarding issues unique to that Defendant Group.

***Plaintiff's statement:*** The Defendants' proposal would result in Defendants obtaining ***55 hours*** of 30(b)(6) deposition testimony of Plaintiff. The Court should adopt Plaintiff's proposal, and allow the Defendants to seek more time if they | Plaintiff may take up to 10 hours of 30(b)(6) from each Defendant Group; Defendants may jointly take up to 10 hours of 30(b)(6) of Plaintiff; each Defendant may take an additional 5 hours of 30(b)(6) of Plaintiff

***Defendants' statement:*** Congress has made clear with the passage of the AIA, that Defendants may no longer be denied an opportunity to adequately defend themselves due to the former practice of non-practicing entity patent plaintiffs of joining numerous defendants in a single suit. Plaintiff should not be able to obtain the same advantage merely because these cases have been consolidated for pre-trial purposes. There is |

| | | |
|---|---|---|
| | show good cause. | nothing unreasonable about each Defendant being permitted 5 hours to examine the Plaintiff on issues specific to that defendant. Again, this is a provision that was agreed to by Plaintiff previously, and Plaintiff offers no rationale for why those previous agreements should not be honored.. |
| Inventor Deposition | The inventor is a fact witness and his deposition shall be treated in accordance with the limitations set for fact depositions. Under no circumstances will the inventor sit for more than 21 hours total. | Defendants may jointly take up to 14 hours of testimony from inventor in addition to hours permitted for fact and party depositions; under no circumstances will inventor sit for more than 28 hours total. |
| Limitation on Deposition Hours | No individual shall be required to sit for more than 21 total hours of deposition in these cases for any purposes. | |
| Non-Party Depositions | Plaintiff may take up to 60 hours of non-party deposition testimony with respect to each Defendant Group, and each Defendant Group may take up to 60 hours of non-party deposition testimony.<br><br>*Plaintiff's statement*: While these cases were stayed, many employees | Plaintiff may take up to 100 hours of non-party depositions, limited to no more than 20 deponents; Defendants may jointly take up to 100 hours of non-party depositions; expert depositions and inventor deposition not included<br><br>*Defendants' statement*:  See |

| | | |
|---|---|---|
| | who worked on the accused products have left their positions with Defendants. Accordingly, these individuals—some of whom were listed in Defendants' initial disclosures—are now third parties. Plaintiff has already subpoenaed several of these individuals for deposition. These unique circumstances warrant a significant departure from typical non-party deposition limitations. | **discussion above with respect to depositions.** The deponents Plaintiff identifies are actually governed by the provisions above. These provisions are directed to true, third-party witnesses, unaffiliated now or previously with the parties. |
| Expert Depositions: Infringement/ Non-infringement | Plaintiff may take up to seven hours of deposition of each Defendant Group's expert who has presented opinion on non-infringement by that Defendant Group. **If a single expert presents non-infringement opinions on behalf of more than one Defendant Group, then Plaintiff shall be entitled to a seven-hour deposition of that expert for each Defendant Group on whose behalf the expert has presented his or her opinions.** Each Defendant may take up to seven hours of deposition of each Plaintiff's experts who has presented opinion on infringement by | Plaintiff may take up to seven hours of deposition of each Defendant Group's expert who has presented opinion on non-infringement by that Defendant Group; each Defendant may take up to seven hours of deposition of each Plaintiff's experts who has presented opinion on infringement by the Defendant. |

| | | |
|---|---|---|
| | the Defendant. **If a single expert presents an infringement opinion on Plaintiff's behalf against multiple Defendant Groups, then each Defendant Group addressed in said infringement opinion shall be entitled to a seven-hour deposition of that expert regarding the Expert's infringement opinion with respect to that Defendant Group.** | |
| Expert Depositions: validity/ invalidity | **(AGREED)** Plaintiff may take up to seven hours of deposition of each expert for Defendants who submits invalidity report; Defendants may jointly take up to seven hours of deposition of each expert witness for Plaintiff who submits a validity report. | |
| Expert Depositions: Damages | Plaintiff is entitled to a seven hour deposition of each Defendant Group expert who presents an opinion on damages by that Defendant Group. **If a single expert presents damages opinions on behalf of more than one Defendant Group, then Plaintiff shall be entitled to a seven-hour deposition of that expert for each Defendant Group on whose behalf the expert has presented his or her opinions.** Each Defendant Group may take up to seven hours of | Plaintiff is entitled to a seven hour deposition of each Defendant Group expert who presents an opinion on damages by that Defendant Group; each Defendant Group may take up to seven hours of deposition of each of Plaintiff's experts who presents an opinion on damages by that Defendant Group. |

| | deposition of each of Plaintiff's experts who presents an opinion on damages by that Defendant Group. **If a single expert presents a damages opinion on Plaintiff's behalf against multiple Defendant Groups, then each Defendant Group addressed in said damages opinion shall be entitled to a four-hour deposition of that expert regarding the expert's damages opinion with respect to that Defendant Group.** | |
|---|---|---|
| Deposition on Written Questions | **(AGREED)** Plaintiff may take up to 3 depositions upon written questions per Defendant Group; each Defendant Group may take up to 3 depositions upon written questions of Plaintiff; limits for total deposition hours apply. | |

Use of Depositions by Defendants: Subject to the protective order to be entered in this action, all or part of any deposition testimony obtained by a named Defendant, or Defendant Group, in this action can be used against Plaintiff and/or entered into evidence by *any* Defendant, whether or not said Defendant participated in the subject deposition.

Service of Deposition Notices: The Parties agree that employees of the Parties may be served with deposition notices through the Party's counsel, rather than being served by a subpoena.

**B.      Proposed Discovery Plan**

The parties' discovery plan is set forth in Section XVII below.

**IX.    CLASS ACTIONS**

Inapplicable.

## X. RELATED CASES.

All of the current pending cases involving the Asserted Patents were related by this Court's order on July 28, 2014 (Dkt. No. 159).

## XI. RELIEF.

*Plaintiff's Statement:*

Plaintiff seeks, *inter alia*, (i) a declaration of infringement and award of damages, (ii) a permanent injunction enjoining Defendants from further infringement of the Asserted Patents or, in the alternative, a royalty for post-judgment infringement; and (iii) an award of such other costs and further relief as the Court may deem just and proper. Plaintiff anticipates that the calculation of damages will be based on a reasonable royalty analysis. Plaintiff will not be able to state with specificity the amount of these damages, or to provide a computation thereof, until after it has conducted additional discovery and investigation.

*Defendants' Statement:*

Defendants seek the following relief: (i) dismissal of Plaintiff's Complaints for Patent Infringement with prejudice; (ii) declaration that the Asserted Patents are invalid and/or that they are unenforceable, and/or Defendants have not infringed either of the Asserted Patents; (iii) finding that this case is exceptional under 35 U.S.C. § 285 and, in turn, awarding Defendants their reasonable and necessary attorneys' fees and expenses; (iv) awarding of Defendants' costs of Court; and (v) awarding of all other relief to which Defendants are justly entitled.

## XII. SETTLEMENT AND ADR

Evolutionary and Apple participated in mediation on October 30, 2014. The mediation was unsuccessful. Evolutionary Intelligence is willing to attend private mediations with any of the other parties.

The Defendants do not believe that any ADR efforts will be meaningful until after the Court rules on Defendants' §101 Motion. Other than a decision on the §101 Motion, the next court ruling that may advance the Parties' understanding for purposes of ADR is the claim construction ruling.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties have **not** consented to proceed before a magistrate judge.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

*Plaintiff's Statement:*

Evolutionary believes that its outstanding discovery requests are narrowly drawn to the issues in this case. Evolutionary will continue to focus its discovery efforts on the key issues related to the parties' claims for relief.

*Defendants' Statement:*

Defendants believe their soon-to-be pending motion to dismiss and motion for judgment on the pleadings based on the invalidity of the Asserted Patents under 35 U.S.C. §101 will provide a significant opportunity for the Court to narrow the issues, if not resolve the cases completely. It appears that district courts have granted 41 such motions already in 2015 alone, thus resolving numerous cases without the need to undertake expensive, time-consuming fact discovery, claim construction, expert discovery, etc.

Defendants believe that claim construction proceedings may provide another opportunity for the parties to narrow the issues in the cases, if the case survives until this stage. In particular, Plaintiff is currently asserting over 25 claims against each Defendant and has asserted over 30 claims against a number of Defendants. In the event that Plaintiff does not voluntarily reduce the number of asserted claims, Defendants intend to request that this Court to set a schedule for narrowing that number. Defendants intend to assert that numerous claims of the Asserted Patent are invalid under 35 U.S.C. §112.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case is amenable to being expedited.

## XVII. SCHEDULING

The Parties'[4] proposals with respect to the schedule are set forth below:

---

[4] Defendant Apple Inc. takes no position on either schedule proposed herein, and is prepared to proceed under any schedule the Court adopts.

| | Scheduled Dates | Plaintiff's Proposals | Defendants' Proposals |
|---|---|---|---|
| Case Management Conference | June 5, 2015 at 10:30 AM | | |
| Parties Serve Updated Initial Disclosures under Rule 26(a) | | June 12, 2015 | same |
| Amended Infringement Contentions Due for all Defendants | | June 19, 2015 | same |
| Invalidity Contentions | | For each defendant, 45 days after service of (i) Amended Infringement Contentions, or (ii) written confirmation from Evolutionary Intelligence that it will not amend infringement contentions with respect to that defendant. | August 5, 2015 (i.e. 47 days after June 19, 2015) |
| | | | |
| Fact Discovery Commences | | | August 17, 2015 |
| Exchange of Proposed Terms for Construction | | August 19, 2015 | (same) |
| Hearing on Defendants' Dismiss And Motion For Judgment On The Pleadings (35 U.S.C. §101) | August 21, 2015 | | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | | September 9, 2015 | (same) |
| Joint Claim Construction and Prehearing Statement | | October 7, 2015 | (same) |
| Completion of Claim Construction Discovery | | November 4, 2015 | (same) |
| Plaintiff's Opening Claim Construction Brief and Supporting Evidence | | November 19, 2015 | November 25, 2015 (Wednesday) |

| | Scheduled Dates | Plaintiff's Proposals | Defendants' Proposals |
|---|---|---|---|
| Defendants' Joint Responsive Claim Construction Brief and Supporting Evidence | | December 3, 2015<br><br>**Plaintiff's Statement:**<br>Defendants have not demonstrated why they need a 30-day extension, which would cause unnecessary delay and would be unfair to Plaintiff. The Defendants have had plenty of time to discuss their claim construction positions, and indeed they already have, as evidenced by the extensive discussion of claim construction in the IPR proceedings.<br><br>If the Court is inclined to grant Defendants' proposal, Plaintiff requests a 30-day extension on its Reply Brief, with a corresponding adjustment to the Claim Construction Hearing date. | January 8, 2016<br>(Pat. LR 4-5(b) plus 30 days)<br>**Defendants' Statement:**<br>Defendants must coordinate the positions of nine separate companies with disparate accused products and correspondingly enlarged claim construction concerns. To realize the efficiencies sought through the consolidation, Defendants request sufficient time to coordinate this filing. The overall schedule is largely unaffected. |
| Plaintiff's Reply Claim Construction Brief | | December 10, 2015 | January 15, 2016 |
| Approximate Date of Claim Construction Hearing | | January 11, 2015 | Approx. February 19, 2016<br>(subject to Court's schedule) |
| Exchange of Initial Privilege Logs | | September 1, 2015 | February 26, 2016 |
| Approximate Date of Claim Construction Order | | Approx. February 11, 2016 (subject to Court's schedule) | Approx. March 21, 2016 (subject to Court's schedule) |
| Begin Damages Discovery | | No specific date should be set; Damages discovery has already begun. | March 21, 2016 or one month after Claim Construction Hearing, whichever is later |

| | Scheduled Dates | Plaintiff's Proposals | Defendants' Proposals |
|---|---|---|---|
| Disclosure of Advice of Counsel Defense | | April 20, 2016 or one month after Claim Construction Order whichever is later | (same) |
| Discovery Closes | | June 15, 2016 or three months after Claim Construction Order whichever is later | (same) |
| Burden Expert Reports Served | | July 27, 2016 or 4.5 months after Claim Construction Order whichever is later | (same) |
| Responsive Expert Reports Served | | August 24, 2016 or 1 month after Burden Expert Reports, whichever is later | (same) |
| Close of Expert Discovery | | September 21, 2016 or 1 month after Responsive Expert Reports, whichever is later | (same) |
| Joint Status Conference | | September 23, 2016 or the First Friday following Close of Expert Discovery, whichever is later | (same) |
| Last Day to file Dispositive and Daubert Motions | | October 19, 2016 or 1 month after Close of Expert Discovery, whichever is later | (same) |
| Submission of Final Pretrial Orders | | TBD at Joint Status Conference | (same) |
| Trial | | TBD at Joint Status Conference | (same) |

## XVIII. TRIAL

A jury has been demanded in each of these cases. The Parties do not believe their respective cases are amenable to consolidation before a single jury as the issues of infringement and damages are disparate as between Defendants, which would undoubtedly lead to substantial jury confusion. Accordingly, the Parties have suggested a Joint Status Conference immediately following the close of expert discovery, as part of their proposed

schedule. During this conference, the Parties would propose that the Court and Parties discuss how to proceed through dispositive and Daubert motions to trial with the remaining defendants.

**XIX.    DISCLOSURE OF NON-PARTY INTERESTS**

Plaintiff filed its Certification as to Interested Parties on May 14, 2013 in the Texas Action. (Dkt. No. 61). That Certification, which is re-affirmed herein, states as follows:

"Plaintiff Evolutionary Intelligence, LLC hereby identifies the following parties as having a financial interest in this litigation:

1.      Evolutionary Intelligence, LLC

2.      Incandescent, Inc.

In addition, each named defendant in the caption above has a financial interest in the case in which they are named."

Pursuant to Fed. R. Civ. P. 7.1, Defendants Sprint Nextel Corporation, Sprint Communications Company L.P., Sprint Spectrum L.P., and Sprint Solutions Inc. state as follows:

Sprint Corporation is the parent corporation of Sprint Spectrum L.P., Sprint Solutions, Inc., and Sprint Nextel Corporation, now known as Sprint Communications, Inc.   SoftBank Corporation, a foreign corporation, owns 10% or more of Sprint Corporation's outstanding stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Apple Inc. states that no parent corporation or publicly held corporation holds 10% or more of its stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Facebook, Inc. states that states that no parent corporation or publicly held corporation owns 10% or more of its stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Foursquare Labs, Inc. states that no parent or publically held corporation owns 10% or more of Foursquare's stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Groupon, Inc. states that states that no parent corporation or publicly held corporation owns 10% or more of its stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant LivingSocial, Inc. states that no parent corporation or publicly held corporation owns 10% or more of its stock, except:

Amazon.com, Inc. through its directly or indirectly wholly owned subsidiary

Amazon.com NV Investment Holdings LLC, Amazon.com, Inc. owns over 10%

of LivingSocial's stock on a voting basis and over 10% of LivingSocial, Inc.'s

stock on a fully diluted basis. Amazon.com, Inc. is a publicly traded corporation.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Millennial Media, Inc. states that it is a publicly

traded corporation that does not have a parent corporation and that no publicly held company owns

10% or more of Millennial Media, Inc.'s stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Twitter, Inc. states that no parent company or

publicly-held corporation owns 10% or more of Twitter's stock.

Pursuant to Fed. R. Civ. P. 7.1, Defendant Yelp Inc. states that no parent company or publicly-

held corporation owns 10% or more of Yelp's stock.

## XX.  PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

Dated: May 30, 2015                     Respectfully submitted,

*/s/ Todd Kennedy*
Todd Kennedy

GUTRIDE SAFIER LLP
Adam J. Gutride (State Bar No. 181446)
 *adam@gutridesafier.com*
Seth A. Safier (State Bar No. 197427)
 *seth@gutridesafier.com*
Todd Kennedy (State Bar No. 250267)
 *todd@gutridesafier.com*
Anthony J. Patek (State Bar No. 228964)
 *anthony@gutridesafier.com*
Marie A. McCrary (State Bar No. 262670)
 *marie@gutridesafier.com*
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Attorneys for Plaintiff Evolutionary
Intelligence, LLC

*/Jordan A. Sigale/*

JORDAN A. SIGALE

JORDAN A. SIGALE (admitted pro hac)
jsigale@dunlapcodding.com
DUNLAP CODDING, P.C.
222 Merchandise Mart Plaza, Suite 1225

Chicago, Illinois 60654
Telephone: 312- 651-6744
Facsimile:  312-546-6284

LAURA A. WYTSMA (Cal. Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 213.947.4561

*/Patrick E. King/*(with permission)

PATRICK E. KING

PATRICK E. KING (CA Bar No. 211975)
pking@stblaw.com
JEFFREY E. DANLEY (CA Bar No. 238316)
jdanley@stblaw.com
MELISSA D. SCHMIDT (CA Bar No. 266487)
melissa.schmidt@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

*Attorneys for Defendant Apple Inc.*

*/Eric P. Carnevale/*(with permission)

Karen Boyd (State Bar No. 189808)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Tel:  (650) 521-5930
Fax:  (650) 521-5931
boyd@turnerboyd.com

Craig R. Smith (*pro hac vice*)
William J. Seymour (*pro hac vice*)
Eric P. Carnevale (*pro hac vice*)
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Tel:  (617) 395-7000
Fax:  (617) 395-7070
csmith@lalaw.com
wseymour@lalaw.com
ecarnevale@lalaw.com

*Attorneys for Defendant Foursquare Labs, Inc.*

*/Christopher Stretch/*(with permission)_____

Christopher Stretch
CHRISTOPHER STRETCH
cstretch@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND
LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel.     (415) 249-8330
Fax:     (415) 249-8333

Heidi L. Keefe
Mark R. Weinstein
Reuben Chen
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

ATTORNEYS FOR DEFENDANT
FACEBOOK, INC.


*/Thomas L. Duston/*(with permission)_____

Thomas L. Duston (admitted *pro hac vice*)
Scott Sanderson (admitted *pro hac vice*)
Tron Fu (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300
TDuston@marshallip.com
SSanderson@marshallip.com
TFu@marshallip.com

*Attorneys for Defendant, GROUPON, Inc.*

*/Nathan K. Cummings/*(with permission)_____

Matthew J. Brigham (CA State Bar No. 191428)
mbrigham@cooley.com
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:     (650) 857-0663

Christopher C. Campbell (*pro hac vice*)
ccampbell@cooley.com
Nathan K. Cummings (*pro hac vice*)

ncummings@cooley.com
COOLEY LLP
One Freedom Square – Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone:  703 456-8000
Facsimile:  703 456-8100

*Attorneys for Defendant Millennial Media, Inc.*

*/Beth A. Larigan/*(with permission)

Jamie H. Kitano (SBN: 268078)
jkitano@shb.com
Andrew Chang (SBN: 222309)
achang@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone:    415.544.1900
Facsimile:    415.391.0281

B. Trent Webb (*Pro Hac Vice*)
bwebb@shb.com
John D. Garretson (*Pro Hac Vice*)
jgarretson@shb.com
Chrissie Guastello (*Pro Hac Vice*)
cguastello@shb.com
Beth A. Larigan  (*Pro Hac Vice*)
blarigan@shb.com

SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:    816.474.6550
Facsimile:    816.421.5547

**Attorney for Defendants**
**SPRINT NEXTEL CORPORATION,**
**SPRINT COMMUNICATIONS COMPANY L.P.,**
**SPRINT SPECTRUM, L.P., AND**
**SPRINT SOLUTIONS, INC.**

*/Jeffrey M. Connor/*(with permission)

ROBERT J. ARTUZ (State Bar No. 227789)
rartuz@kilpatricktownsend.com
MATTHEW J. MEYER (State Bar No. 284578)
mmeyer@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON
LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650-326-2400

Facsimile: 650-326-2422

JEFFREY M. CONNOR (pro hac vice)
jmconnor@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON
LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: 303-571-4000
Facsimile: 303-571-4321

Attorneys for Defendants
YELP INC. and TWITTER, INC.

# CERTIFICATION PURSUANT TO GENERAL ORDER 45

Pursuant to General Order 45X.B, I attest that the above signatories for Defendants have concurred and consented to the filing of this document.

Dated: May 30, 2015

<div style="margin-left: 40%;">

*/s/ Todd Kennedy            /*
Todd Kennedy
Gutride Safier LLP
Attorney for Evolutionary Intelligence

</div>