UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, *et al.*,<br><br>Defendants. | Case No. 13-cv-04513- RMW<br><br>[] **ORDER AFTER CASE MANAGEMENT CONFERENCE** |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 13-cv-04201- RMW<br><br>Related to 13-cv-04513- RMW |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 13-cv-04202- RMW<br><br>Related to 13-cv-04513- RMW |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FOURSQUARE LABS, INC.,<br><br>Defendant. | Case No. 13-cv-04203- RMW<br><br>Related to 13-cv-04513- RMW |

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>GROUPON, INC.,<br><br>                    Defendant. | Case No. 13-cv-04204- RMW<br><br>Related to 13-cv-04513- RMW |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>LIVINGSOCIAL, INC.,<br><br>                    Defendant. | Case No. 13-cv-04205- RMW<br><br>Related to 13-cv-04513- RMW |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>MILLENNIAL MEDIA, INC.,<br><br>                    Defendant. | Case No. 13-cv-04206- RMW<br><br>Related to 13-cv-04513- RMW |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>TWITTER, INC.,<br><br>                    Defendant. | Case No. 13-cv-04207- RMW<br><br>Related to 13-cv-04513- RMW |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>YELP, INC.,<br><br>                    Defendant. | Case No. 13-cv-03587- RMW<br><br>Related to 13-cv-04513- RMW |

[] ORDER AFTER CASE MANAGEMENT
CONFERENCE                                                                        No. 13-cv-04513-RMW and Consolidated Cases

On June 5, 2015 at 10:30 a.m., the Court held a case management conference.

## I. EVIDENCE PRESERVATION

The parties shall abide by the electronically stored information ("ESI") guidelines of this District, but shall also abide by the following provisions of the prior Order Regarding E-Discovery, which was entered when this case was pending in the Eastern District of Texas. (*See* Dkt. No.62.) Although it does not believe they do so, to the extent any of the following terms conflicts with the ESI Guidelines of the Northern District of California, the Court intends for these specific terms to control:

- Absent a showing of good cause, general ESI production in connection with Federal Rules of Civil Procedure 34 and 45, or compliance with mandatory disclosure requirements of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.
- Each electronic document shall be produced in PDF format or single-page Tagged Image File Format ("TIFF") format or its native format at the option of the producing party. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.
- No party has an obligation to make its production text searchable; however, if a party's documents already exist in text searchable format independent of this litigation, or are converted to text searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text searchable format at no cost to the receiving party.
- Each document image shall contain a footer with a sequentially ascending production number.

- A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.
- Absent a showing of good cause, voicemails, instant messaging, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.
- Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.
- The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

The parties have informed the Court that they have a dispute regarding the discoverability of documents that have been archived. The parties have agreed to brief the issue. Plaintiff shall submit its brief by June 26, 2015. Defendants' brief shall be due on July 17, 2015.

## II. DISCOVERY

Fact discovery is already commenced and discovery is open since the stay was lifted.

### A. Protective Order

The Defendants shall provide Plaintiff with a draft protective order by June 12, 2015.

### B. Modifications to the Discovery Rules

In accordance with the parties' agreement, documents (other than production documents) will be served on opposing counsel by sending documents via email to counsel, except for non-confidential documents filed through the Court's ECF system, which are served automatically on registered counsel of record. When documents are too large for email or contain confidential information, they shall be served by other means. The effective date of service shall be calculated in accordance with the Federal Rules of Civil Procedures and this Court's Local Rules.

In accordance with the parties' agreement, the parties shall not be required to log privileged communications dated on or after October 17, 2012 – the date Plaintiff filed its instant complaints against the Defendants.

The parties shall abide by the following discovery limitations:

| | | |
|---|---|---|
| Interrogatories | Plaintiff may serve up to 15 common interrogatories on Defendants, and up to 15 additional interrogatories on each Defendant Group. Defendants may serve up to 15 common interrogatories on Plaintiff, and each Defendant Group may serve up to 15 additional interrogatories on Plaintiff. No interrogatory shall be deemed to have multiple subparts simply because it calls for a response involving more than one patent, patent claim, accused product, or prior art reference. | |
| Requests for Admission | Plaintiff and Defendants may serve up to 15 common requests for admission per side. Plaintiff may serve up to 20 additional requests on each Defendant Group, and each Defendant Group may serve up to 20 additional requests on Plaintiff. Each party is permitted an unlimited number of requests for admission for authentication of documents. | |
| Fact Depositions of Party Witnesses | Plaintiff may take up to 75 hours total per Defendant Group. Defendants collectively may take up to 28 hours of Plaintiff; each Defendant Group may take up to an additional 14 hours; except for inventor, no individual shall sit for more than one day. Former employees of a party shall be treated as party witnesses for the purposes of this provision. | |
| 30(b)(6) Depositions | Plaintiff may take up to 10 hours of 30(b)(6) per each Defendant designee but no more than 21 total hours of 30(b)(6) from each Defendant Group; Defendants may jointly take up to 10 hours of 30(b)(6) of Plaintiff; each Defendant may take an additional 5 hours of 30(b)(6) of Plaintiff. | |
| Inventor Deposition | The inventor is a fact witness and his deposition shall be treated in accordance with the limitations set for fact depositions. Under no circumstances will the inventor sit for more than 21 hours total. | |
| Limitation on Deposition Hours | No individual shall be required to sit for more than 21 total hours of deposition in these cases for any purposes. The 21 hour-limit of total deposition time applies to expert witnesses. | |

| | |
|---|---|
| Non-Party Depositions | Plaintiff may take up to 100 hours of non-party depositions, limited to no more than 20 deponents; Defendants may jointly take up to 100 hours of non-party depositions; expert depositions and inventor deposition not included. |
| Expert Depositions: Infringement/ Non-infringement | Plaintiff may take up to seven hours of deposition of each Defendant Group's expert who has presented opinion on non-infringement by that Defendant Group. If a single expert presents non-infringement opinions on behalf of more than one Defendant Group, then Plaintiff shall be entitled to a seven-hour deposition of that expert for each Defendant Group on whose behalf the expert has presented his or her opinions. Each Defendant may take up to seven hours of deposition of each of Plaintiff's experts who has presented opinion on infringement by the Defendant. If a single expert presents an infringement opinion on Plaintiff's behalf against multiple Defendant Groups, then each Defendant Group addressed in said infringement opinion shall be entitled to a seven-hour deposition of that expert regarding the Expert's infringement opinion with respect to that Defendant Group. |
| Expert Depositions: validity/ invalidity | Plaintiff may take up to seven hours of deposition of each expert for Defendants who submits invalidity report; Defendants may jointly take up to seven hours of deposition of each expert witness for Plaintiff who submits a validity report. |
| Expert Depositions: Damages | Plaintiff is entitled to a seven hour deposition of each Defendant Group expert who presents an opinion on damages by that Defendant Group. If a single expert presents damages opinions on behalf of more than one Defendant Group, then Plaintiff shall be entitled to a seven-hour deposition of that expert for each Defendant Group on whose behalf the expert has presented his or her opinions. Each Defendant Group may take |

| | |
|---|---|
| | up to seven hours of deposition of each of Plaintiff's experts who presents an opinion on damages by that Defendant Group. If a single expert presents a damages opinion on Plaintiff's behalf against multiple Defendant Groups, then each Defendant Group addressed in said damages opinion shall be entitled to a seven-hour deposition of that expert regarding the expert's damages opinion with respect to that Defendant Group. |
| Deposition on Written Questions | Plaintiff may take up to 3 depositions upon written questions per Defendant Group; each Defendant Group may take up to 3 depositions upon written questions of Plaintiff; limits for total deposition hours apply. |

Use of Depositions by Defendants: Pursuant to the parties' agreement, subject to the protective order to be entered in this action, all or part of any deposition testimony obtained by a named Defendant, or Defendant Group, in this action can be used against Plaintiff and/or entered into evidence by *any* Defendant, whether or not said Defendant participated in the subject deposition.

Service of Deposition Notices: Pursuant to the parties' agreement, employees of the Parties may be served with deposition notices through the Party's counsel, rather than being served by a subpoena.

III. **SCHEDULING**

The Court adopts the following schedule in these cases:

| | **Scheduled Dates** |
|---|---|
| Parties Serve Updated Initial Disclosures under Rule 26(a) | June 12, 2015 |
| Deadline for Plaintiff to serve amended infringement contentions for all Defendants | June 19, 2015 |
| Deadline for Groupon, Inc. to file an answer to the complaint | June 19, 2015 |
| Deadline to serve invalidity contentions | August 5, 2015 |
| Exchange of Proposed Terms for Construction | August 19, 2015 |
| Hearing on Defendants' Motion to Dismiss And Motion For Judgment On The Pleadings (35 U.S.C. §101) | August 21, 2015 |

|  | Scheduled Dates |
|---|---|
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | September 9, 2015 |
| Pre-Markman hearing to determine the number of terms that are going to be construed, whether any are dispositive and should be combined with a summary judgment motion, whether live testimony is going to be necessary, the manner of presentation, and whether a tutorial is appropriate. | September 24, 2015 at 2:00 p.m. |
| Joint Claim Construction and Prehearing Statement | October 7, 2015 |
| Exchange of Initial Privilege Logs | November 1, 2015 |
| Completion of Claim Construction Discovery | November 4, 2015 |
| Plaintiff's Opening Claim Construction Brief and Supporting Evidence | November 19, 2015 |
| Defendants' Joint Responsive Claim Construction Brief and Supporting Evidence | January 8, 2016 |
| Plaintiff's Reply Claim Construction Brief | February 16, 2016 |
| Tutorial Hearing | March 15, 2016 at 9:00 a.m. |
| Claim Construction Hearing | March 16, 2016 at 9:00 a.m. |
| Case Management Conference | TBD after claim construction order |
| Disclosure of Advice of Counsel Defense | TBD at Case Management Conference following claim construction order |
| Discovery Closes | TBD at Case Management Conference following claim construction order |
| Burden Expert Reports Served | TBD at Case Management Conference following claim construction order |
| Responsive Expert Reports Served | TBD at Case Management Conference following claim construction order |
| Close of Expert Discovery | TBD at Case Management Conference following claim construction order |

|  | Scheduled Dates |
|---|---|
| Joint Status Conference | TBD at Case Management Conference following claim construction order |
| Last Day to file Dispositive and Daubert Motions | TBD at Case Management Conference following claim construction order |

IV. **GROUPON MOTION TO DISMISS**

Groupon will withdraw its pending motion to dismiss [Dkt. No. 15 in 5:13-cv-04204] as moot.

**IT IS SO ORDERED.**

Dated: ïÐÐí        _____
                    Ronald M. Whyte
                    United States District Judge

APPROVED AS TO FORM AND CONTENT:

Dated: June 22, 2015            Respectfully submitted,

                                */s/ Todd Kennedy*
                                Todd Kennedy
                                GUTRIDE SAFIER LLP
                                Adam J. Gutride (State Bar No. 181446)
                                  adam@gutridesafier.com
                                Seth A. Safier (State Bar No. 197427)
                                  seth@gutridesafier.com
                                Todd Kennedy (State Bar No. 250267)
                                  todd@gutridesafier.com
                                Anthony J. Patek (State Bar No. 228964)
                                  anthony@gutridesafier.com
                                Marie A. McCrary (State Bar No. 262670)
                                  marie@gutridesafier.com

100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Attorneys for Plaintiff Evolutionary
Intelligence, LLC


  /s/Jordan A. Sigale

JORDAN A. SIGALE

JORDAN A. SIGALE (admitted pro hac)
jsigale@dunlapcodding.com
DUNLAP CODDING, P.C.
222 Merchandise Mart Plaza, Suite 1225
Chicago, Illinois 60654
Telephone: 312- 651-6744
Facsimile:  312-546-6284

LAURA A. WYTSMA (Cal. Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 213.947.4561

*Attorneys for Defendant LivingSocial, Inc.*


  /s/Patrick E. King

PATRICK E. KING

PATRICK E. KING (CA Bar No. 211975)
pking@stblaw.com
JEFFREY E. DANLEY (CA Bar No. 238316)
jdanley@stblaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

*Attorneys for Defendant Apple Inc.*

|     |                                                        |
| --- | ------------------------------------------------------ |
| 1   |     */s/Eric. P. Carnevale*        |

          */s/Eric. P. Carnevale*

Karen Boyd (State Bar No. 189808)
TURNER BOYD LLP
2570 W. El Camino Real
Suite 380
Mountain View, CA 94040
Tel:   (650) 521-5930
Fax:   (650) 521-5931
        boyd@turnerboyd.com

Craig R. Smith (*pro hac vice*)
William J. Seymour (*pro hac vice*)
Eric P. Carnevale (*pro hac vice*)
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Tel:   (617) 395-7000
Fax:   (617) 395-7070
       csmith@lalaw.com
       wseymour@lalaw.com
       ecarnevale@lalaw.com

*Attorneys for Defendant Foursquare Labs, Inc.*


    */s/Christopher Stretch*

CHRISTOPHER STRETCH
cstretch@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
Tel.   (415) 249-8330
Fax:   (415) 249-8333

ATTORNEYS FOR DEFENDANT
FACEBOOK, INC.

     /s/Thomas L. Duston

Thomas L. Duston (admitted *pro hac vice*)
Scott Sanderson (admitted *pro hac vice*)
Tron Fu (admitted *pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, IL  60606
(312) 474-6300
TDuston@marshallip.com
SSanderson@marshallip.com
TFu@marshallip.com

*Attorneys for Defendant, GROUPON, Inc.*

     /s/Nathan K. Cummings

Matthew J. Brigham (CA State Bar No. 191428)
mbrigham@cooley.com
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:     (650) 857-0663

Christopher C. Campbell (*pro hac vice*)
ccampbell@cooley.com
Nathan K. Cummings (*pro hac vice*)
ncummings@cooley.com
COOLEY LLP
One Freedom Square – Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone:  703 456-8000
Facsimile:  703 456-8100

*Attorneys for Defendant Millennial Media, Inc.*

     /s/Beth A. Larigan

Jamie H. Kitano (SBN: 268078)
jkitano@shb.com
Andrew Chang (SBN: 222309)
achang@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone:     415.544.1900
Facsimile:     415.391.0281

B. Trent Webb (*Pro Hac Vice*)

] ORDER AFTER CASE MANAGEMENT CONFERENCE    No. 13-cv-04513-RMW and Consolidated Cases

10

bwebb@shb.com
John D. Garretson (*Pro Hac Vice*)
jgarretson@shb.com
Chrissie Guastello (*Pro Hac Vice*)
cguastello@shb.com
Beth A. Larigan  (*Pro Hac Vice*)
blarigan@shb.com

SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:     816.474.6550
Facsimile:     816.421.5547

Attorneys for Defendants
SPRINT NEXTEL CORPORATION,
SPRINT COMMUNICATIONS COMPANY L.P.,
SPRINT SPECTRUM, L.P., AND
SPRINT SOLUTIONS, INC.


　　　　　　　　　/s/Jeffrey M. Connor

ROBERT J. ARTUZ (State Bar No. 227789)
rartuz@kilpatricktownsend.com
MATTHEW J. MEYER (State Bar No. 284578)
mmeyer@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650-326-2400
Facsimile: 650-326-2422

JEFFREY M. CONNOR (pro hac vice)
jmconnor@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: 303-571-4000
Facsimile: 303-571-4321

Attorneys for Defendants
YELP INC. and TWITTER, INC.